## McAULEY *v.* THE YORK MINING CO.

In an action against a corporation, a witness, who was a member of the corporation when
the liabilities were incurred on which the action is brought, but who had sold out
before the commencement of the action, is incompetent for interest.

APPEAL from the District Court of the Tenth Judicial District, County of Nevada.

On the trial of this cause, the defendant, a corporation, introduced three witnesses, who testified on their *voir dire* that they were members of the corporation in 1852, when the liabilities were incurred on which this action is brought, but had sold out more than a year before the bringing of this suit, and since then had no interest therein.

The plaintiff objected to the witnesses being examined, as incompetent, but the Court overruled the objection, and permitted the witnesses to be examined, under the plaintiff's exception. Judgment was rendered for defendant. Plaintiff moved for a new trial, which was overruled, and plaintiff appealed.

*Dunn & Hupp* for Appellant.

Cited Prac. Act, § 421, 422; Stat. 1850, p. 350, § 32; p. 347, § 4; p. 206, § 20. Barnstead *v.* Empire Mining Co., 5 Cal., 299. Watson *v.* Lisbon Bridge Co., 2 Shep., 201. Androscoggin B. *v.* Bragg, 11 N. H., 102. Mill Dam Foundry *v.* Hovey, 21 Pick, 437. Bank U. S. *v.* Dallan, 4 Dana, 474. Castleman *v.* Holmes, 4 J. J. Marshall, 1. Spear *v.* Crawford, 14 Wend., 20. Peck *v.* Mayor of N. Y., 3 Cowen, 489. Worrell *v.* Judson, 5 Barb., S. C. Rep., 210. Bank *v.* Wyckoff, 4 Dall, 151. Routh *v.* Agricultural Bank, 12 S. & M. (Miss.) R., 161. Hall *v.* Corey, 5 Georgia R., 239. McFairland *v.* Triton Ins. Co., 4 Denio, 392. Farmers' and Mech. Bank *v.* Champlain Trans. Co., 18 Verm., 131. Hazy *v.* White Pigeon Sugar Co., 1 Doug., 193. Porter *v.* Bank of Rutland, 19 Verm., 410.

*Buckner & Hill* for Respondent.

The law of 1850 must govern this case, by which stockholders are only liable to the extent of their stock. The witnesses, having sold out, had no interest in the result of this action. Angell & Ames on Corp., p. 657, § 652. The statute of 1853 cannot apply, as by its terms old corporations remained under the Act of 1850, unless they choose to avail themselves of the provisions of the Act of 1853.

To have excluded the evidence of the witnesses, it should have been shown that the property of the corporation was not sufficient to pay the claim of the plaintiff.

The opinion of the Court was delivered by Mr. Justice HEYDENFELDT. Mr. Chief Justice MURRAY concurred.

The defendant is a corporation. Three witnesses were introduced on its behalf, who were members of the corporation at the time the liabilities were incurred for which this action was brought.

By the 15th sec. of the Act of 1853, "to provide for the formation of Corporations," the liability of the stockholder continues for "all debts contracted during the time that he was a stockholder."

The witnesses were therefore incompetent, by reason of their interest, and the objection to their evidence should have been sustained.

The judgment is reversed and the cause remanded.