## ELIJAH T. ESSEX

*v*

## JAMES McPHERSON.

INCOMPETENCY OF A JUROR *as a ground for a new trial.* In a suit at law, where the verdict was in favor of the defendant, the plaintiff made a motion for a new trial upon the ground, supported by affidavit, that one of the jurors who sat on the trial of the cause had made a bet of a neck-tie that the result of the cause would be in favor of the defendant, which fact was unknown to the plaintiff until after the trial: *Held*, that the juror was incompetent, and, although he made affidavit that he went upon the jury without bias or prejudice for or against either side, the law must deem it otherwise, and regard the wager as implying a bias, and the objection being unknown until after the trial, and of so peculiar a character that the court could not say that by the exercise of reasonable diligence it might have been discovered before the trial and availed of as a cause of challenge, it might be made available as the ground for a new trial, and the motion should have been allowed.

WRIT OF ERROR to the Circuit Court of Rock Island county; the Hon. GEORGE W. PLEASANTS, Judge, presiding.

Messrs. OSBORN & CURTIS, for the plaintiff in error.

Messrs. SWEENEY & JACKSON, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The verdict and judgment in this case were in favor of the defendant.

The plaintiff made a motion for a new trial upon the ground, supported by affidavits, that one of the jurors who sat on the trial of the cause had previously made a bet of a neck-tie that the result of the cause would be in favor of the defendant, which fact was unknown to the plaintiff until after the trial.

For a juror to sit on the trial of a cause, upon the result of which he has a wager depending, is a gross impropriety, and offensive to the sense of justice.

Although the juror makes an affidavit that he went upon the jury without bias or prejudice for or against either side, the law must deem it otherwise. The making of the wager implied a bias, and the juror must have sat in the expectation of acquiring a benefit by a particular result of the cause. To find for the defendant, was determining the juror's wager in his own favor. He was under a temptation to violate his sworn duty. He might say that he was without bias or prejudice, and could do justice, yet his feelings would be apt, imperceptibly, to lead him to find according to his direct interest, and what must have been his own wishes. Though the plaintiff might not be entitled to ask that the juror should come up to the standard laid down by Lord MANSFIELD, in *Nylock* v. *Saladine,* 1 W. Bl. Rep. 481, that "a juror should be as white paper, and know neither plaintiff nor defendant, but judge of the issue merely as an abstract proposition upon the evidence produced before him," he was entitled to demand such

a juror as would. not, by finding a verdict against him, be thereby deciding a wager in his own favor.

Such a verdict found against him, the plaintiff might well complain of as coming short of an impartial administering of justice. The wager, it is true, was not of much magnitude, but it is impossible to say that by reason of its smallness it was without influence upon the juror. He was short of being *omni exceptione major.*

The objection to the juror being unknown until after the trial, and it being one of so peculiar a character that we are not prepared to say that by the exercise of reasonable diligence it might have been discovered before the trial, and availed of as a cause of challenge, we are of opinion it may be made available as the ground for a new trial.

For error in overruling the motion for a new trial, the judgment must be reversed and the cause remanded.

*Judgment reversed.*