Filed May 30, 1888.

———◆———

No. 14,356.

ZIMMERMAN v. THE STATE.

JUROR.—Sheriff's Employee.—Incompetency of.—Criminal Cause.—A person employed by a sheriff to serve subpœnas for witnesses in a criminal prosecution, is the agent, and, in a qualified sense, the deputy of such officer, and is incompetent to act as a juror in such cause.

From the Sullivan Circuit Court.

VOL. 115.—9

Zimmerman *v.* The State.

*J. C. Chaney* and *W. S. Maple*, for appellant.

*L. T. Michener*, Attorney General, and *J. H. Gillett*, for the State.

Elliott, J.—One of the jurors who tried this case, on his *voir dire*, made this statement : "I acted as bailiff, by appointment of the sheriff, in this cause, and as such subpœnaed the witnesses for the State herein at this term of-this court for this day, and I had been placed upon the regular panel of jurors the day before to fill a vacancy therein." The appellant unsuccessfully challenged the juror for cause.

The challenge should have been sustained. A man called as a juror can not be permitted to act as the bailiff of the sheriff in serving subpœnas in a prosecution for a criminal offence and retain his place on the panel. A person who acts for the sheriff in a criminal case, in the capacity in which the juror challenged did act in this instance, can not be regarded as an impartial juror. We know, as matter of law, that the sheriff in such a case as this is not entitled to fees for serving subpœnas unless the accused is convicted, and he is, therefore, interested in securing a conviction.

A person employed by the sheriff to serve subpœnas is the agent, and, in a qualified sense, the deputy of that officer, and it is settled law that one who is in the employ of a person having a pecuniary interest in the result of the prosecution can not be a competent juror. Neither the sheriff nor a regularly constituted deputy would, it seems clear, be a competent juror, and we can not perceive why the principle on which that rule rests does not apply to bailiffs employed by the sheriff to serve subpœnas in a case which he is called upon to try. It is difficult to conceive any just ground upon which it can be held that a juror in a criminal prosecution may act for the sheriff and still retain his place on the jury. If the juror accepts employment from the sheriff, he destroys his competency to serve as a juror in the case wherein he acts for the sheriff. In our opinion the case before us falls

fully within the rule laid down in the carefully considered case of *Block* v. *State*, 100 Ind. 357.

We adhere to the rule declared in the cases of *Johnson* v. *Holliday*, 79 Ind. 151, and *Indianapolis, etc., R. W. Co.* v. *Pitzer*, 109 Ind. 179, but we do not think that the rule applies to this case. The statement of the juror fully discloses his incompetency, and no explanation that he could make could break the force of his statement. The statement so clearly discloses his incompetency that nothing he could say would destroy the effect of that statement. The record, therefore, affirmatively shows that an incompetent juror was accepted despite the challenge of the appellant.

Judgment reversed.

Filed May 30, 1888.