MURCHISON NATIONAL BANK v. DUNN OIL MILLS COMPANY
AND J. D. BARNES.*

(Filed 19 May, 1909.)

DEFENDANTS' APPEAL.

1. Jurors—Party in Interest—Challenge for Cause—Admission—Reversible Error.

In an action against a corporation one of its stockholders is incompetent as a juror, as he has a direct pecuniary interest in the result of the trial. When the objecting party has exhausted his peremptory challenges, the ruling of the trial court retaining such juror is reversible error.

2. Jurors—Challenge for Cause—Party in Interest—Statutory Cause—Cumulative.

The causes of challenge specified in the Revisal are cumulative to that of the incompetency of a person sitting as a juror in a cause in the result of which he is pecuniarily interested.

ACTION tried before *Lyon, J.,* and a jury, at December Term, 1908, of NEW HANOVER.

Defendants appealed.

*E. K. Bryan* and *Rountree & Carr* for plaintiff.

*J. D. Bellamy & Son, J. C. Clifford, Woodus Kellum* and *Godwin & Townsend* for defendants.

WALKER, J. This action was brought by the plaintiff to recover the amount alleged to be due upon a promissory note executed by the Dunn Cotton Oil Mills Company to the Merchants and Farmers Bank of Dunn, N. C., and by the latter bank deposited as collateral security for its note to the plaintiff.

*BROWN, J., did not sit.

The plaintiff sued the Dunn Oil Mills Company and J. D. Barnes jointly, Barnes having signed the note of the oil mills company, in its name, as its president, whereas the by-laws of the oil mills company required that the note should also be signed by its secretary and treasurer, which was not done, and Barnes notified E. F. Young, president of the Merchants and Farmers Bank of Dunn, N. C., of such requirement, and that the note would not be valid without the signature of the secretary and treasurer. The plaintiff alleged that it acquired the note in good faith before maturity and without any notice of the provision of the by-laws of the oil mills company. It therefore sues the oil mills company upon the ground that it is liable upon the note, as Barnes had apparent authority to execute it, and joins Barnes as a defendant upon the ground that, if the oil mills company is not liable, he has falsely represented that he had authority to execute the note, and is therefore liable to the plaintiff by reason of the fraud, or as himself the maker of the note. This briefly states the facts, so far as is necessary for an understanding of the question presented for our decision.

The court rendered judgment for the plaintiff against the oil mills company for $5,000, and ordered a nonsuit as to the defendant J. D. Barnes. The oil mills company excepted and appealed, and the plaintiff excepted to the judgment of nonsuit in favor of J. D. Barnes, and appealed. The defendants, having exhausted their peremptory challenges, objected to a juror, Samuel Bear, who admitted that he is a stockholder in the plaintiff bank. The court, upon evidence, found that, notwithstanding the fact of his being a stockholder, he was "a fair and unbiased juror," and overruled the challenge. In this ruling, we think, there was error. It is very true, the cause of challenge is not one of those specified in the statute, but they are merely cumulative, and it was not the intention of the Legislature to repeal the fundamental principle of the common law forbidding a person to sit in judgment when his own interests are involved. Whether there are any circumstances which will justify a departure from this elementary rule by reason of the necessity of the case, we need not consider, as no such necessity arose in the trial of the present action. The only question

presented is, was the juror competent to sit in the case? He was a stockholder of the plaintiff bank, and therefore had a direct pecuniary interest in the result of the trial. This cannot well be questioned. He was therefore made a judge in his own cause without any sufficient reason in law to sustain the ruling of the court. Whether he was actually biased or not is immaterial. Suppose a plaintiff in a case is called as a juror. Could we hesitate to declare his incompetency? The difference between such a case and the one before us, where the juror is the holder of stock in the plaintiff bank, is one that relates, not to the fact, but to the degree of interest. We cannot do better than quote the language of Judge Cooley, when discussing this question, but it must not be understood that we concur, for it is not necessary that we should do so, in all that he says. The strong language used by him but shows how closely the courts have adhered to the common-law rule and how far they have gone in its application. In Cooley on Const. Limitations (6 Ed.), pp. 506, 507, it is said: "There is also a maxim of law regarding judicial action which may have an important bearing upon the constitutional validity of judgments in some cases. No one ought to be a judge in his own cause; and so inflexible and so manifestly just is this rule, that Lord Coke has laid it down that 'Even an act of Parliament made against natural equity, as to make a man a judge in his own case, is void in itself; for *jura naturæ sunt immutabilia,* and they are *leges legum.*' This maxim applies in all cases where judicial functions are to be exercised, and excludes all who are interested, however remotely, from taking part in their exercise. It is not left to the discretion of a judge to decide whether he shall act or not; all his powers are subject to this absolute limitation; and when his own rights are in question, he has no authority to determine the cause. Nor is it essential that the judge be a party named in the record. If the suit is brought or defended in his interest, or if he is a corporator in a corporation which is a party or which will be benefited or damnified by the judgment, he is equally excluded as if he were the party named. Accordingly, where the Lord Chancellor, who was a shareholder in a company in whose favor the Vice Chancellor had rendered a decree, the

House of Lords reversed the decree on this ground, Lord Campbell observing: 'It is of the last importance that the maxim that "No man is to be a judge in his own cause" should be held sacred. And that is not to be confined to a cause in which he is a party, but applies to a cause in which he has an interest. We have again and again set aside proceedings in inferior tribunals because an individual who had an interest in a cause took a part in the decision. And it will have a most salutary effect on these tribunals when it is known that this high court of last resort, in a case in which the Lord Chancellor of England had an interest, considered that his decree was, on that account, a decree not according to law, and was set aside. This will be a lesson to all inferior tribunals to take care, not only that in their decrees they are not influenced by their personal interest, but to avoid the appearance of laboring under such an influence.' "

The cases cited by him and others, also in point, show that a corporator or stockholder is not a competent juror in a suit to which the corporation is a party. The principle as applicable to a stockholder is clearly and strongly stated in *Page. v. Railroad,* 21 N. H., 438, as follows: "The juror, who owned stock in the Concord and Claremont road, was, therefore, by virtue of this contract, directly interested in the result of the cause, which he assisted to try. His interest was probably very trifling in amount, and may not have influenced his judgment at all on the question of damages. But the principle is extremely well settled that any, even the smallest, degree of interest in the question pending is a decisive objection to a juror." Citing *Hesketh v. Braddock,* 3 Burrows, 1856; *Hawkes v. Kennebeck,* 7 Mass., 464; *Wood v. Stoddard,* 2 Johns. (N. Y.), 194. The authorities are quite uniform to the effect that a stockholder is not a competent juror if the corporation in which he is a stockholder is a party to the action. *Railroad v. Howard,* 20 Mich., 18; *Fleeson v. Savage,* 3 Nevada, 157; *Silvis v. Ely,* 3 Watts and Serg. (Pa.), 420; *Essex v. McPherson,* 64 Ill., 349; *Railroad v. Hart,* 60 Ga., 550. See, also, *Zimmerman v. State,* 115 Ind., 129; *Railroad v. Barnes,* 40 Mich., 383; *Dimes v. Canal,* 3 H. L. Cases, 759. It was held that, by the common law, a

BANK *v.* OIL MILLS.

stockholder, on account of his interest in the corporation, could not be a competent witness for it. *Porter v. Bank,* 19 Vermont, 410; *McAuley v. York Co.,* 6 Cal., 80. In *Silvis v. Ely, supra, Rogers, J.,* said: "The first error (assigned) is in rejecting a person because he was a stockholder and director in the Farmers Bank of Reading. Interest is a principal cause of challenge, and for that reason the juror was incompetent in a cause in which the bank had an interest." In this case the defendants joined in the challenge, as they had the right to do, and the oil company can avail itself, on this appeal, of the error of the court in overruling the challenge. It has been compelled to try the case with a juror in the box to whom it had objected and who was incompetent to serve. The erroneous ruling of the judge as to the competency of the juror compels us to order a new trial in the appeal of the oil company.

New Trial.

---

PLAINTIFFS' APPEAL.

**Appeal and Error—Appeal by Both Parties—Relative Merits—New Trial as to Both.**

The liability of each defendant in this case depends to a great extent upon the liability of the other; and a new trial having been awarded as to one, it is therefore granted as to both.

PER CURIAM. While a nonsuit was ordered as to the defendant J. D. Barnes, we award a new trial in this appeal, without passing upon the errors assigned, because the liability of the oil company depends, to a great extent, upon the liability of Barnes, and *vice versa.* For this reason the case must be tried again as to both defendants, upon proper issues and with correct instructions as to the liability of the defendants, or either of them, according as the facts may appear.

New Trial.