PEANUT GROWERS EXCHANGE v. A. E. BOBBITT.

(Filed 8 October, 1924.)

**1. Jurors—Challenges.**

The statutory conditions upon which a juror may be challenged and stood aside for cause are cumulative to that of the common-law disqualification as to the juror's interest in the result of the action; and thereunder a juror who is a member of a growers association, a party to the action, may be challenged for cause therein.

**2. Same—Waiver.**

A party to an action is entitled to set aside a juror therein for cause shown, and in so doing, he cannot be held to have waived this right by having previously refused the offer of the adversary party to agree that he should not act as a juror.

APPEAL by defendant from *Sinclair, J.,* at January Term, 1924, of HALIFAX.

Civil action, to recover damages for an alleged breach of contract.

Upon denial of liability, and issues joined, there was a verdict and judgment for the plaintiff, from which defendant appeals, assigning errors.

*C. E. Peters, Daniel & Daniel, Dunn & Johnson, and George C. Green for plaintiff.*

*Travis & Travis and R. H. Parker for defendant.*

STACY, J. The first exception appearing on the record is as follows: "The defendant challenged the juror, Cherry, on the ground that he was a member of the plaintiff Peanut Growers Association. The defendant had already exhausted his peremptory challenges. The court examined the juror, Cherry, and, being of the opinion that he was an impartial juror, in its discretion refused to stand him aside. The plaintiff's attorney, while the jury was with the plaintiff, announced to the defendant that Cherry was a member of the Peanut Association and proposed to excuse him. The defendant refused to accept the

plaintiff's offer to excuse the juror and objected that his being a member of the association was not a ground of challenge open to the plaintiff, which objection was sustained by the court. At the time the defendant asked the juror, if notwithstanding his being a member of the association, could he, after hearing the evidence, give a fair and impartial trial, to which he replied that he could. Exception by defendant."

The incompetency of the juror Cherry must be conceded; and the exception is properly presented. *S. v. Levy,* 187 N. C., p. 587. The juror was a member of the plaintiff association and necessarily interested in the litigation. Speaking to a similar question in *Bank v. Oil Mills,* 150 N. C., 683, *Walker, J.,* said:

"The defendants, having exhausted their peremptory challenges, objected to a juror, Samuel Bear who admitted that he is a stockholder in the plaintiff bank. The court, upon evidence, found that, notwithstanding the fact of his being a stockholder, he was 'a fair and unbiased juror,' and overruled the challenge. In this ruling, we think, there was error. It is very true, the cause of challenge is not one of those specified in the statute, but they are merely cumulative, and it was not the intention of the Legislature to repeal the fundamental principle of the common law forbidding a person to sit in judgment when his own interests are involved. Whether there are any circumstances which will justify a departure from this elementary rule by reason of the necessity of the case, we need not consider, as no such necessity arose in the trial of the present action. The only question presented is, was the juror competent to sit in the case? He was a stockholder of the plaintiff bank, and therefore had a direct pecuniary interest in the result of the trial. This cannot well be questioned. He was therefore made a judge in his own cause without any sufficient reason in law to sustain the ruling of the court. Whether he was actually biased or not is immaterial. Suppose a plaintiff in a case is called as a juror, could we hesitate to declare his incompetency? The difference between such a case and the one before us, where the juror is the holder of stock in the plaintiff bank, is one that relates, not to the fact, but to the degree of interest."

In *Oliphant v. R. R.,* 171 N. C., 303, a new trial was ordered because an employee of the defendant, a clerk in its legal department, was allowed to sit on the jury over plaintiff's objection and exception properly entered.

It was the rule at common law, and still obtains with us, that if a juror be of the same society or corporation with either party, when such society or corporation is interested in the litigation, he may be challenged upon this ground. *S. v. Levy,* 187 N. C., p. 586, and cases there cited.

In the case at bar, it is contended on behalf of appellee that the defendant waived his right to challenge the juror Cherry when he declined to allow the plaintiff to stand him aside without using one of his peremptory challenges and that in any event the exception is without merit. It must be remembered that the trial court ruled with the defendant when this objection was made and held that the plaintiff might not challenge the juror for the cause assigned. The defendant, therefore, when he sought to force the plaintiff to exhaust one of his peremptory challenges in standing this juror aside, if not satisfactory to him, did no more than exercise his rights under the law as it was then being administered. A waiver is a voluntary relinquishment of some known right. *Alexander v. Savings Bank,* 155 N. C., 124. A party should not be held to have waived his rights when he is proceeding according to law.

But assuming the real ground of the alleged waiver or estoppel to be that plaintiff was erroneously deprived of its right to stand the juror aside, because of an untenable objection by the defendant, it nowhere appears that the plaintiff was prejudiced by such action. The plaintiff had four peremptory challenges and he allowed Cherry to remain on the jury. The plaintiff won its case and is not appealing. The defendant alone has been prejudiced. Furthermore, the ruling was made by the court and not by the defendant. We cannot hold that an error against the plaintiff, induced by defendant's objection, if error it were, offsets an error against the defendant. It would be stretching the doctrine of harmless error to an unwholesome degree to say that it includes the principle of comparative errors.

If the right of trial by jury be fundamental, and we have uniformly held that it is, then the right to a fair and impartial jury, as allowed by law, is equally fundamental.

The cause will be remanded for another hearing.

New trial.