## 19779

SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, Plaintiff, Respondent, v. Peter M. SHEPARD, a minor over the age of fourteen (14) years, by his Guardian *ad Litem,* L. G. Shepard, Defendant and Third Party Plaintiff, Appellant, v. John I. MYERS, Third Party Defendant, Respondent.

(204 S. E. (2d) 11)

218

*James W. Alford, Esq.,* of *Fulmer, Berry & Alford,* Columbia, *for Appellant,*

*Messrs. Nelson, Mullins, Grier & Scarborough,* of Columbia, *for Respondent,*

*James W. Alford, Esq.,* of *Fulmer, Berry & Alford,* Columbia, *for Appellant,* in Reply.

March 4, 1974.

*Per Curiam:*

This action arose out of a collision between an automobile owned by Southern Bell Telephone and Telegraph Company, being at the time operated by one of its employees, John I. Myers, the respondents herein, and a motorcycle owned and operated by Peter M. Shepard, the appellant herein. A passenger on the motorcycle, one Allison Pederson, was killed. Peter Shepard suffered permanent injuries as well as damage to his motorcycle. Southern Bell sustained damage to its automobile.

By an amended complaint, Southern Bell sought to recover for damage to its vehicle, contending that the appellant was negligent and reckless in the operation of his motorcycle. The appellant, by his counterclaim and cross action, sought to recover for his personal injury and for damage to his motorcycle, contending that Myers, as an agent and servant for Southern Bell, was negligent and reckless in the operation of its vehicle.

The case came on for trial before the Honorable Dan F. Laney, Jr., presiding judge, and a jury, at the 1973

March Term of the Court of Common Pleas for Richland County, resulting in a jury verdict in favor of Shepard as to Southern Bell's claim and in favor of Southern Bell and Myers as to Shepard's claim. The appellant made a motion for a new trial upon numerous grounds, all of which were denied by the trial judge. This appeal followed.

The appellant charges that the trial judge committed prejudicial error in refusing, upon specific request of his counsel, to inquire of the jury panel on *voir dire* examination as to whether or not any juror was a stockholder in the respondent corporation or American Telephone and Telegraph Company, there being a connection between the two.

The trial judge, in his *voir dire* examination of the jury, inquired as to whether or not any juror was employed by either Southern Bell Telephone and Telegraph Company or the American Telephone and Telegraph Company. Appellant's counsel then requested that inquiry be made as to whether or not any juror was a stockholder in either of the companies. The trial judge refused to so question the jury and the appellant asserts that the failure of the trial judge to make such inquiry was reversible error.

It is provided in Section 38-202 of the Code, as follows:

"The court shall, on motion of either party in the suit, examine on oath any person who is called as a juror therein to know whether he is related to either party, *has any interest in the cause,* has expessed or formed any opinion or is sensible of any bias or prejudice therein, and the party objecting to the juror may introduce any other competent evidence in support of the objection. If it appears to the court that the juror is not indifferent in the cause, he shall be placed aside as to the trial of that cause and another shall be called." (Emphasis added.)

A stockholder in a corporation is incompetent to serve as a juror in a case in which the corporation is a party or has any pecuniary interest. 50 C. J. S. Juries § 213; and 47 Am. Jur. (2d), Jury, Section 325.

In the case of *Chestnut v. Ford Motor Company*, 4 Cir., 445 F. (2d) 967, the trial judge refused to disqualify a juror who owned 100 shares of stock in the defendant Ford Motor Company. The court, in determining whether or not the stockholder was a qualified juror, said

"That a stockholder in a company which is a party to a lawsuit is incompetent to sit as a juror is so well settled as to be black letter law. . . . The district court's refusal to strike the Ford stockholder for cause . . . is reversible error."

Here, the appellant had the legal right to ascertain whether or not the jury, or any member thereof, had an interest in the cause as a stockholder of either Southern Bell or American Telephone and Telegraph Company. This could only be determined by the trial judge submitting to the jury a direct question on this subject. Accordingly, the trial judge should have granted the request of the appellant and interrogated the jurors as to whether they were stockholders in Southern Bell or its affiliate. The refusal by the trial judge to so question the jurors was reversible error.

In view of the conclusion that we have reached, we find it unnecessary to pass upon the other questions raised by the exceptions of the appellant. The judgment of the lower court is reversed and this case remanded thereto for a new trial.

Reversed and remanded.