## The Georgia Railroad vs. Cole et ux.

1. On the trial of a suit for damages against a railroad company, a brother of one stockholder and a son-in-law of another were incompetent jurors, and a verdict rendered by a jury on which they sat was illegal, unless their incompetency was waived. Nor would the jurors be rendered competent by the fact that the defendant had entered into a contract by which it leased its road and other property, and that the lessee had made a deposit of bonds as security for the performance of his contract, and had agreed, as a part thereof, to pay all damages incurred in the operation of the road.

2. Although the verdict may have been a proper one under the evidence, yet if it was rendered by a jury of which two members were incompetent to act, it was no lawful verdict, and was properly set aside.

(a.) This case differs from that in 46 *Ga.*, 80; and the principle of that case will not be extended further than there decided.

(b.) If the parties consent to the jurors, or have knowledge of their incompetency, they will be held to have waived it.

January 21, 1885.

Jury and Jurors. Practice in Superior Court. Waiver. Before Judge HAMMOND. DeKalb Superior Court. March Term, 1884.

Reported in the decision.

J. B. CUMMING; HILLYER & BRO.; CANDLER, THOMSON & CANDLER, for plaintiff in error.

HOKE SMITH; L. J. WINN, for defendant.

BLANDFORD, Justice.

Cole and wife brought an action against the Georgia Railroad for injuries which, it is alleged, the wife received by the negligence of the railroad company. The jury found a verdict for the railroad; whereupon Cole and wife moved the court for a new trial, on several grounds, all of which were overruled, except one, which was, that one of the jurors was related to certain of the stockholders as brother, and another of the jurors was a son-in law of another stockholder in the railroad company. The court held that these jurors were incompetent, and for this reason alone he awarded a new trial in said case. The railroad company excepted to this judgment granting a new trial, and error thereon is assigned to this court. It was shown, in opposition to the motion for new trial, that the railroad company had leased its road and other property to Wm. M. Wadley, and that he had given a certain bond of indemnity to the Georgia Railroad Company for the payment of and compliance with the lease, and had deposited, to make good the same, one million of dollars in United States bonds, etc., and that the lessee was bound to said Georgia Railroad to pay all damages, etc.; and the plaintiff in error insists that the jurors are competent, as the stockholders are in no wise interested in the event of this suit, the road in which they are stockholders being fully indemnified by the bond of the lessee, Wadley, and the deposit of bonds to make the same good.

This action is against the Georgia Railroad and Banking Company. This company would be primarily liable for any judgment that might be recovered against it, and to save itself, would have to look to its security, which might or might not respond; in the one case, the company would have to respond and make the recovery good; in the other case, the company might fail to be indemnified; the one is certain, the other uncertain. This court held, in 60 *Ga*, 550, that a son of a stockholder was an incompetent juror. See *Doyal vs. The State*, 70 *Ga.*, 134; also *Beall vs. Clark et al.*, 71 *Ga.*, 818. And if this be so, a brother or son-in-law of a stockholder is an incompetent juror  To constitute a proper jury, there must be a jury of twelve *bonos et legales homines omni exceptione majores*. But the plaintiff in error further insists that the verdict of the jury is right, and that no other verdict could have been rendered lawfully by the jury, and refers to the case of *Johnson vs. Mayor, etc., Americus*, 46 *Ga.*, 80, to sustain this position. In that case, no new trial had been ordered by the court below, as in this case, and in this the two cases differ. We are not willing to extend that case; we doubt the correctness of that decision. It must be left to stand alone. A jury composed of men who are not lawful men—men whose relationship to the parties renders them incompetent as jurors, cannot render a lawful verdict. If the parties consent to the jurors, or have knowledge of their incompetency, then they will be held to waive the same. It cannot be said that the defendants in error have had their case tried; certainly not legally, and, although the verdict may be in accordance with the facts, and such as a lawful jury should have rendered, yet it is no verdict, and the court did right to set it aside.

Judgment affirmed.