HAMMETT *v.* THE STATE.

No. 10494.   November 17, 1934.

*Leonard Young, Norman Reeves,* and *Duke Davis,* for plaintiff in error.

*M. J. Yeomans, attorney-general, W. Y. Atkinson, solicitor-general, B. D. Murphy* and *J. T. Goree, assistant attorneys-general,* contra.

Beck, P. J. ▆ Under the evidence the jury were authorized to find the defendant guilty of the offense of murder.

▆ In the motion for new trial it is alleged that a named juror had, on a given date, been adjudged insane, as shown by the records, and that he had not been discharged from the hospital for the insane, but was absent therefrom on leave. As to this ground affidavits were introduced by the defendant and numerous affidavits were introduced by the State. Many deponents testified that they knew the juror well, and had been with him frequently since he came back from the asylum; several testifying that his insanity was caused by the use of intoxicants, but that he was perfectly sane

and restored to his sound mental condition. Moreover, there was evidence to show that the defendant on trial knew the juror's condition while in jail, just before he was sent to the asylum. Under the evidence as to the mental condition of the juror, the court did not err in holding that he was competent, and in refusing a new trial on the ground that he was mentally incompetent.

*Judgment affirmed. All the Justices concur, except*

RUSSELL, C. J. I dissent from the judgment of affirmance, without any reference to the evidence in this case. In my opinion the law guarantees to every one accused in a criminal trial twelve qualified jurors. This is an essential prerequisite to a trial. Even in a civil case (*Georgia Railroad Co.* v. *Cole,* 73 *Ga.* 713), this court held that "A jury composed of men who are not lawful men . . can not render a lawful verdict; . . and although the verdict may be in accordance with the facts, and such as a lawful jury should have rendered, yet it is no verdict, and the court did right to set it aside." The rule of the common law, that jurors must be omni exceptione majores, still prevails. In my opinion, the opinion of witnesses at a hearing before the court as to the qualification of a juror upon motion for new trial can not supersede the judgment of a court of lunacy which has not been set aside in accordance with law, or rebut the presumption that follows from that judgment.