ALLEY *v.* GORMLEY, superintendent of banks.

No. 10790. OCTOBER 19, 1935.
ADHERED TO ON REHEARING FEBRUARY 21, 1936.

*J. C. & H. E. Edwards,* for plaintiff in error.

*C. H. Edwards, A. H. Henderson, Wheeler & Kenyon,* and *Charles J. Thurmond,* contra.

HUTCHESON, Justice. The Bank of Helen obtained a judgment, on April 9, 1928, against W. C. Alley and two indorsers, and the execution was transferred to the indorsers. On April 24, 1930, Alley executed and delivered to the White County Bank his security deed, conveying the land therein described, to secure an indebtedness due it. On June 4, 1930, the execution was levied on the

land, and it was sold at public outcry on the first Tuesday in December, 1930, and was bought by the White County Bank, to which the sheriff executed his deed. Alley was present at the sale, and arranged with the bank for it to buy the property. He remained in possession, and for at least one year paid rent to the bank. In January, 1932, the White County Bank was being liquidated by the State Banking Department, and the superintendent of banks instituted a suit in ejectment against Alley to obtain possession of the land, claiming title by reason of the sheriff's deed. The defendant filed his answer, denying that the bank had title to the land, and contending that the levy under which it was sold was void for excessiveness, and that the sale was void because at that time the White County Bank held the title to the land under a security deed.

At the April term, 1934, of White superior court the case came on for trial before Judge Stark, then and there presiding. The court had three panels of jurors from which a jury of twelve were to be selected to try the case, and an attempt was made by the judge to secure a qualified jury; but on the call of relationship to the parties and relationship to the stockholders and despositors of the White County Bank, it was found that practically all of the jurors then in court were disqualified. Counsel for the plaintiff stated that in their opinion a qualified jury could not be obtained in White County, and moved that the court pass an order transferring the case to the superior court of Hall County. In support of this motion counsel offered testimony by two witnesses to show that a jury could not be obtained. The judge, over objection of counsel for the defendant and without exhausting the jury-list of the county, passed an order transferring the case to Hall County for trial. The defendant excepted to this ruling. At the July term, 1934, of Hall superior court the case again came on for trial, and was continued by the judge, who passed an order declaring that the right of the defendant to continuance had been exhausted (the case having already been continued five times), and placing the case on terms. To this order the defendant excepted. At the November term, 1934, when the case came on for trial, the defendant tendered his plea alleging that the superior court of Hall County had no jurisdiction of his person or of the subject-matter of the suit, he being a resident of White County and the land being

situate in that county. This plea was rejected, and the defendant excepted. The case proceeded to trial, and a verdict in favor of the plaintiff was directed by the court. The defendant's motion for new trial was overruled, and he excepted.

■ "The power to change the venue in civil and criminal cases shall be vested in the superior court, to be exercised in such manner as has been or shall be provided by law." Code of 1933, § 2-4401. It is provided that, except as otherwise stated "civil cases shall be tried in the county where the defendant resides, . . except cases in the superior courts where the judge. is satisfied that an impartial jury can not be obtained in such county." § 2-4306. The Code also provides as follows: "Whenever, by an examination voir dire of the persons whose names are on the .jury-list and who are compellable to serve on the jury, the presiding judge shall be satisfied that an impartial jury can not be obtained in the county where any civil cause is pending, such civil cause may be transferred to any county that may be agreed upon by the parties or their counsel." § 3-207. It will be borne in mind, however, that the only purpose of the voir dire questions is to ascertain whether or not a juror is *impartial*, and does not bear on other disqualification as a juror, such as relationship. The section last quoted says, "whenever, by an examination voir dire, the judge shall be satisfied that an impartial jury can not be obtained," and it is evident that the section refers only to the impartiality of the jury. If a juror were disqualified by reason of relationship or for other cause, it would be unnecessary to proceed further by putting to him the voir dire questions. In the case at bar the judge satisfied himself that a jury could not be obtained in White County, and he committed no error in ordering a change of venue.

■ Error is assigned on the order placing the case on terms, and providing that no further continuance should be granted. "No cause whatever pending in any of the courts shall be continued more than one term at common law, at the instance of the same party, for any cause whatever." Code of 1933, § 81-1401. It appears, however, that no motion for continuance was made after the court passed its order, and therefore no hardship or burden could have been placed upon the defendant by reason of such order.

■ The other assignments of error will be considered together, as they all refer to the legality of the sale. The defendant ad-

mitted that the judgment in favor of the Bank of Helen was valid and legal. He arranged with the White County Bank to buy in the property at the sale, he was present at the sale, and after the sale he paid rent on the property to the White County Bank. "If a defendant's property be sold under a void judgment and execution, and she, with legal notice of all the material facts, receive from the sheriff and retain a portion of the proceeds of the sale, this amounts in law to a ratification, and she is bound by the sale." *Roney v. Tutt,* 113 *Ga.* 815 (39 S. E. 293). In *O'Kelley v. Gholston,* 89 *Ga.* 1 (15 S. E. 123), it was held that even though the description of land in the levy was void for uncertainty, if the defendant in execution was present at the sale and was mentally competent to consent to the sale and got the benefit of it by application of the proceeds to a valid judgment against him, he was bound thereby. It has been held that where the defendant in fi. fa. is present at the sale, he can not thereafter attack it on the ground that the fi. fa. is invalid. *Warwick v. Maddox,* 137 *Ga.* 496 (73 S. E. 738). In *Sharp v. Hall,* 145 *Ga.* 171 (88 S. E. 929), a judgment in attachment was rendered, and a levy made on certain lands. The defendant in fi. fa. was present at the sale, and made no objections. It was held that he was estopped from thereafter setting up the invalidity of the sale. The fact that the purchaser may have had a security deed to the property would not affect the sale, as the uncontradicted evidence shows that the sale was had under a judgment which was already in existence at the time such deed was executed. In the instant case the defendant was present at the sale, made no objection, but made arrangements with the bank to buy the property so that he might later redeem it, and he actually paid rent to the bank after the sale. Under these circumstances he could not be heard to attack the sale on the ground that the levy was excessive. It was not error to direct the verdict in favor of the plaintiff.

*Judgment affirmed. All the Justices concur; except Russell, C. J., absent.*