## GOSSETT, *alias* HILL, *v.* THE STATE.

DUCKWORTH, Presiding Justice. Although neither of the two named mutual life insurance companies appeared in the indictment for murder as prosecutor, it was admitted in open court that an attorney who assisted the solicitor-general in the trial of the case was employed and paid by the insurance companies to assist the prosecution. It further appeared that the deceased held insurance policies in each of the said companies, in which policies the accused was named as beneficiary. This rendered the jurors who held policies in either one of the insurance companies disqualified to serve as jurors in the case. *McElhannon* v. *State*, 99 *Ga.* 672 (26 S. E. 501); *Moore* v. *Farmers' Mutual Ins. Assn.*, 107 *Ga.* 199, 209 (33 S. E. 65); *Lyens* v. *State*, 133 *Ga.* 587 (66 S. E. 792); *Campbell* v. *State*, 144 *Ga.* 224 (87 S. E. 277); *Fordham* v. *State*, 148 *Ga.* 758 (98 S. E. 267); *Whitworth* v. *State*, 155 *Ga.* 395 (117 S. E. 450). The motion for new trial showing the foregoing facts, and complaining of the ruling denying a timely request by counsel for the accused that inquiry of all jurors be made as to whether or not they held policies in either of the named companies, and that all jurors holding such policies be held disqualified, and complaining that the foreman of the jury which convicted the accused was a policyholder in one of the named companies, showed reversible error, and the judgment overruling the motion for new trial must be reversed.

*Judgment reversed. All the Justices concur.*

No. 15705. FEBRUARY 5, 1947.

*Mack G. Hicks* and *Carl H. Griffin,* for plaintiff in error.

*Henderson Lanham, Solicitor-General, E. J. Clower, Solicitor-General, Chastine Parker,* and *Horace T. Clary,* contra.