## 61417. THOMPSON v. SAWNEE ELECTRIC MEMBERSHIP CORPORATION.

BANKE, Judge.

We granted an interlocutory appeal in this case to determine whether the members of an electric membership corporation operating pursuant to Code Ann. Chapter 34B-1 are disqualified as a matter of law from serving as jurors in the trial of a suit against the corporation.

The appellant sued appellee Sawnee Electric Membership Corporation to recover $500,000 for personal injuries allegedly caused by the latter's negligence. As required by Code Ann. § 34B-104 (1), the complaint was filed in Forsyth County, where the appellee's principal office is located. After the appellee had filed its answer and some discovery had been completed, the appellant moved for a change in venue based on an allegation that 85 percent of the residents of the county received their electric service from the appellee and that since these persons were either "members" of the appellee, or else were very probably related to a member within the sixth degree, they were disqualified from serving as jurors pursuant to Code Ann. §§ 59-704 and 59-716. The trial court accepted the showing that 85 percent of the population of the county received electric service from the corporation and also found that each

subscriber, as a "member" of the corporation, was entitled both to vote in the election of the board of directors and to receive a pro rata share of all surplus revenues. See generally Code Ann. §§ 34B-113 and 34B-117. However, the court ruled that this did not necessarily disqualify such members from serving as jurors in the case; he therefore denied the motion for change in venue. *Held:*

1. Code § 3-207 provides as follows: "Whenever, by an examination voir dire of the persons whose names are on the jury list and who are compellable to serve on the jury, the presiding judge shall be satisfied that an impartial jury cannot be obtained in the county where any civil cause is pending, such civil cause may be transferred to any county that may be agreed upon by the parties or their counsel." Pursuant to Code § 3-208, the judge is authorized to select another county to which to transfer the case in the event the parties or their counsel cannot agree on one. See generally Code Ann. § 2-4307. Although § 3-207 calls for the court to exercise its discretion with regard to a request for change of venue upon "examination voir dire of the persons whose names are on the jury list and who are compellable to serve on the jury," the Supreme Court held in *Alley v. Gormley,* 181 Ga. 650, 652 (1) (183 SE 787) (1935) that "[i]f a juror were disqualified by reason of relationship or for other cause, it would be unnecessary to proceed further by putting to him the voir dire questions."

The appellee contends that Code § 3-207 does not apply to suits against electric membership corporations because, as indicated previously, Code Ann. § 34B-104 (1) requires that such suits be "brought against any such corporation only in the county where it has its principal office, as specified in its charter." However, we do not perceive the requirement that the suit be "brought" in a particular county to be equivalent to a requirement that the suit be tried there. We thus hold that Code Ann. § 34B-104 (1) does not preclude the trial court from ordering a change of venue in this case.

2. The stockholders of a corporation which is a party to a suit are automatically disqualified from serving as jurors therein because they necessarily have a direct interest in the outcome of the case. See *Moore v. Farmers' Mut. Ins. Assn.,* 107 Ga. 199, 208 (33 SE 65) (1899); *Bryan v. Moncrief Furnace Co.,* 168 Ga. 825 (1), 827-828 (149 SE 193) (1929). See generally Code Ann. § 59-704. Similarly, the stockholders of an insurance company or the policyholders of a mutual insurance company, because of their interest in the assets and earnings of the company, may not serve as jurors in the trial of a case in which the company is exposed to liability. *Weatherbee v. Hutcheson,* 114 Ga. App. 761 (1) (a) (152 SE2d 715) (1966).

It is clear that the members of an electric membership corporation are in the same position as the stockholders of a

corporation or the policyholders of a mutual insurance company as regards their right to share in the net earnings of the business. See Code Ann. § 34B-117, supra. Accordingly, we conclude that the members of an electric membership corporation are disqualified from service as jurors in the trial of a case in which damages are sought from the corporation. Accord, Ozark Border Elec. Co-op. v. Stacy, 348 SW2d 586 (Mo. App. 1961).

The appellee urges that a contrary ruling is called for by Code §§ 59-714 and 59-715, which provide that a resident of a city or county is competent to serve as a juror in a case even though the city or county is a party or otherwise interested in the outcome. However, it does not follow that a similar exception to the rule precluding service by jurors with a stake in the outcome of a case exists for members of electric membership corporations. Indeed, the absence of a similar statute applicable to EMC members would appear to be authority for a conclusion that no such exception exists.

3. As indicated previously, the decision to order a change in venue in a civil case is committed to the sound discretion of the trial court. We cannot say as a matter of law, on the basis of the record before us at this time, whether a qualified jury can or cannot be chosen from among the 15 percent of the population of Forsyth County who are neither members of the appellee nor closely related to its members. Therefore, we cannot determine at this point whether a change in venue is required or not required. Since the trial court has not yet exercised its discretion on the issue, the order denying the motion is vacated and the case is remanded for further proceedings consistent with this decision. See generally *Watson v. Elberton-Elbert County Hosp. Auth.,* 229 Ga. 26, 27 (189 SE2d 66) (1972); *Unnever v. Stephens,* 142 Ga. App. 787 (2) (236 SE2d 886) (1977).

*Judgment vacated and case remanded. Deen, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 18, 1981.

*T. Emory Daniel,* for appellant.
*William A. Dinges, William Temple,* for appellee.