A90A1102. LOWMAN et al. v. THE STATE.
(398 SE2d 832)

POPE, Judge.

Defendants Kenneth Lavoid Lowman, Gary Marvin Lowman, Craig Dewight Lowman and Stacy Marie Kearney Lowman were convicted by a jury of the offense of criminal damage to property in the first degree. Kenneth Lowman and Gary Lowman appeal from the denial of their motions for new trial. *Held:*

1. Defendants contend that the circumstantial evidence presented against them was insufficient to support their convictions of the offense of criminal damage to property in the first degree. "To warrant a conviction on circumstantial evidence, proved facts shall not only be consistent with the hypothesis of guilt but shall exclude every other reasonable hypothesis save that of the guilt of the accused. The evidence was all circumstantial. If separated, and divided into segments, no one segment would be sufficient to convict. But when added together, as a whole it is sufficient to warrant a conviction, and it excludes every other reasonable hypothesis save that of guilt of the accused. In such cases it is not necessary that the circumstances remove every possibility of the defendant's innocence." (Citations omitted.) *Huncke v. State,* 137 Ga. App. 299, 301 (223 SE2d 492) (1976). Our review of the transcript shows the evidence presented here satisfied this standard and clearly authorized any rational trier of fact to find defendants guilty of the offense charged beyond a reasonable doubt. See, e.g., *Crumley v. State,* 185 Ga. App. 795 (1) (366 SE2d 171) (1988).

2. In their second enumeration of error defendants argue that the trial court erred in refusing to disqualify for cause those jurors who

were members, or related to members within the prohibited degree, of the Okefenokee Rural Electric Membership Corporation, the "victim" whose property was damaged here. The State argues that any error in the trial court's ruling was harmless because defendants failed to exercise all their peremptory challenges. "However, the Georgia Supreme Court abandoned the rule espoused by the State and held that a defendant's 'failure to exhaust his peremptory strikes before the twelfth juror was impaneled does not render the error (the trial court's refusal to strike an unqualified juror) harmless.' *Harris v. State*, 255 Ga. 464 (2) (339 SE2d 712) (1986). We therefore turn to the merits of [defendants'] enumeration. [Cit.]" *Howard v. State*, 191 Ga. App. 418, 419 (2) (382 SE2d 159) (1989). See also *Bass v. State*, 183 Ga. App. 349 (358 SE2d 837) (1987).

The provisions governing the organization of and membership in an electric membership corporation are codified at OCGA § 46-3-170 et seq. OCGA § 46-3-260 makes membership in the electric membership corporation mandatory for those who receive or have agreed to receive electric service from the corporation. Members of the corporation have the right to vote (OCGA § 46-3-266), to bring derivative actions (OCGA § 46-3-272), and to remove directors and certain officers and agents (OCGA §§ 46-3-295 and 46-3-302 (b), respectively). Although OCGA § 46-3-340 (a) provides that electric membership corporations are operated without profit to their members, subsection (c) of that provision mandates that the bylaws of the corporation "contain provisions, consistent with subsection (a) of this Code section, for accounting for, allocating, assigning and disposing of its revenues and assets and may establish classes of members for such purposes." A mechanism is also provided for returning revenues upon the death of a member (OCGA § 46-3-341).

Based on factors such as the foregoing this court previously has determined that "the members of an electric membership corporation are in the same position as the stockholders of a corporation or the policyholders of a mutual insurance company as regards their right to share in the net earnings of the business." *Thompson v. Sawnee Elec. Membership Corp.*, 157 Ga. App. 561, 562-563 (278 SE2d 143) (1981). Thus the court in *Thompson* concluded that the "members of an electric membership corporation are disqualified from service as jurors in the trial of a case in which damages are sought from the corporation." Id. at 563. The issue presented here is whether the holding in *Thompson* should be extended to the facts of this case so as to disqualify members of electric membership corporations from serving as jurors in criminal trials in which the corporation is the victim of the crime charged. We hold that it should. In reaching this conclusion we note first that the corporation here was not listed as the actual prosecutor so as to trigger automatically the provisions of OCGA § 15-12-163. "If

the corporation had, in this case, been the actual prosecutor, there would be no difficulty at all in holding that neither its stockholders nor persons related to them as [within the prohibited degree] would have been competent to serve upon the jury. We do not think it makes any substantial difference that the corporation was not the formal prosecutor. It was the person injured, and therefore occupies, practically, the position of a party at interest." *McElhannon v. State*, 99 Ga. 672, 680-681 (26 SE 501) (1896). See also *Gossett v. State*, 201 Ga. 809 (41 SE2d 308) (1947). Based on the foregoing we agree with defendants that jurors who were members of the membership corporation should have been disqualified, and the trial court thus erred in denying defendants' motions for new trial.

*Judgment reversed. Deen, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 14, 1990.

*Earl Daniel Smith, Jr.*, for appellants.

*Harry D. Dixon, Jr., District Attorney, George E. Barnhill, Assistant District Attorney*, for appellee.