## A00A0850. SANCHEZ v. THE STATE.
### (530 SE2d 775)

ELDRIDGE, Judge.

A Whitfield County grand jury indicted Ener Sanchez for: Count 1, trafficking in methamphetamine — 28 grams or more; Count 2, trafficking in cocaine — 28 grams or more; Count 3, possession of a firearm during the commission of a crime; and Count 4, giving a false name. The case was tried before a jury, and Sanchez was found not guilty on Count 3 (possession of a firearm during the commission of a crime), but guilty on Count 4 (giving a false name). The jury hung on Counts 1 and 2, and the trial court declared a mistrial. Thereafter, the State reindicted Sanchez in a two-count indictment charging him with trafficking in methamphetamine — 28 grams or more, and trafficking in cocaine — 400 grams or more. A second jury trial resulted in Sanchez's conviction on both counts. He appeals, raising issues with regard to his plea in abatement and plea in bar which were heard and denied prior to the second trial. Finding no error in the trial court's rulings, we affirm Sanchez's convictions.

1. Sanchez contends that, following the jury's deadlock and the trial court's declaration of mistrial, the State should not have been allowed to reindict him for trafficking in "400 grams or more" of cocaine, as opposed to the "28 grams or more" for which he was originally indicted. Sanchez argues that, by reindicting him for the larger amount, he faced a significantly increased punishment which is "presumed to be prosecutorial vindictiveness," as proscribed by the United States Supreme Count in *Blackledge v. Perry,* 417 U. S. 21, 24 (I) (94 SC 2098, 40 LE2d 628) (1974).

This issue has been decided adversely to Sanchez by the Supreme Court of Georgia's decision in *Griffin v. State,* 266 Ga. 115, 119-120 (464 SE2d 371) (1995). In *Griffin,* the Supreme Court noted that the "presumption" of prosecutorial vindictiveness discussed in

*Blackledge* focused on a prosecutor's motivation to discourage other defendants from exercising their right to appeal, a constitutionally protected right. However,

> [t]he reasoning of *Blackledge* is inapplicable in the context of jury deadlock. Here, as the State points out, what provided the State an opportunity to "up the ante" was not a successful appeal of a conviction, but rather a mistrial. The appeal of the plea of former jeopardy, had it been successful, would have created no opportunity for enhancement of charges or penalty. A mistrial resulting from an inability of a jury to reach a verdict, especially when entered on the trial court's own motion, is not subject to chilling as is the exercise of the right to appeal. Therefore, no presumption of prosecutorial vindictiveness arises.

(Citations omitted.) *Griffin v. State*, supra at 120. The trial court did not err in denying Sanchez's plea in abatement.

2. Next, Sanchez argues that the State was well aware of the increased amount of cocaine prior to the first trial and could have reindicted at that time. That they did not do so until after mistrial shows (according to Sanchez) that the State was motivated by actual prosecutorial vindictiveness against him for exercising his right to trial.

We will be bound by the trial court's findings of fact unless they are clearly erroneous. See, e.g., *Brown v. State*, 250 Ga. 66, 73 (4) (295 SE2d 727) (1982). The evidence on this issue shows that when Sanchez was first indicted, the Georgia Bureau of Investigation Crime Laboratory ("Crime Lab") had performed an analysis on the methamphetamine seized from Sanchez but had not analyzed the cocaine. The State was unaware of the specific quantity of cocaine recovered from Sanchez. Accordingly, the State chose to indict Sanchez "conservatively" on the cocaine count. On March 18, 1999, ten days prior to trial, the State received a complete Crime Lab report containing the cocaine analysis, as well as the analysis of the methamphetamine. Sanchez's trial was set for March 30, 1999, and the next Whitfield County grand jury did not meet until March 31, 1999. The State "chose not to reindict it because it would have delayed the proceedings even further." Following the mistrial, however, the State had the opportunity to reindict Sanchez using the amount of cocaine reflected in the Crime Lab report. Based on this evidence, the trial court specifically found that "[t]he State's reindictment of the Defendant in Case 40306-T was not the result of any vindictive or improper motive." Because such conclusion is supported by the record, we find no error.

3. Sanchez next contends that the doctrine of "collateral estoppel" should have prevented the State from retrying him on the trafficking offenses, since the State presented evidence of the trafficking offenses during his trial on the possession of a firearm count and he was acquitted thereon. We do not agree.

The doctrine of collateral estoppel, which is embraced within the constitutional guarantee against double jeopardy, "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U. S. 436, 443 (90 SC 1189, 25 LE2d 469) (1970). The record of the prior proceeding must "affirmatively demonstrate[ ] that an issue involved in the second trial was definitely determined in the former trial. . . . [Cit.]" *United States v. Haines*, 485 F2d 564, 565 (7th Cir. 1973), cited in *Preston v. State*, 257 Ga. 42, 45 (4) (354 SE2d 135) (1987). The *possibility* that an issue may have been determined in the former trial does not prevent the relitigation of that issue. *United States v. Haines*, supra at 565.

In that regard, a person possesses a firearm during the commission of a felony when he has: (a) on or within arm's reach of his person; (b) a firearm; (c) during the commission of a felony crime. OCGA § 16-11-106 (b). Clearly, then, a defendant may be acquitted of possession of a firearm during the commission of a felony crime if the jury determines that the State failed to prove beyond a reasonable doubt either (a) that the weapon involved was "on or within arm's reach" of the defendant, or (b) that the weapon involved was a "firearm" within the meaning of OCGA § 16-11-106 (a). Whether the defendant was committing a felony crime need not even be reached if the State has failed to prove the defendant had on or within arm's reach of his person a firearm. Thus, the doctrine of collateral estoppel would not, as a matter of law, preclude retrial on the substantive crime when a defendant has been acquitted of possession of a firearm during the commission of that crime.

Moreover, as a matter of fact, the jury in the prior trial of Sanchez's case could not decide about Sanchez's commission of the trafficking offenses. That is why a mistrial was declared with regard to those counts. Accordingly, Sanchez's acquittal on the possession of a firearm count does not affirmatively demonstrate that the jury "definitely determined [the issue of Sanchez's commission of the trafficking offenses] in the former trial." *United States v. Haines*, supra at 565. The denial of Sanchez's plea in bar was not error.

4. We find the evidence sufficient to withstand a challenge thereto. The record shows that at 2:00 a.m. on July 24, 1998, officers from the Dalton Police Department executed a search warrant at

Sanchez's residence.[1] Sanchez was lying on his bed. During the search, an officer popped up the dropped ceiling tiles over Sanchez's bed. Two wrapped packages were recovered from the ceiling. The packages were opened in order to conduct field tests on the contents. During this process, Sanchez stated "Don't snort any of that. It's good shit. . . . You guys don't know anything about drugs, you're cops." One package contained 174.6 grams of methamphetamine, and the other package contained 988 grams of cocaine with a purity of 64 percent. This evidence was sufficient for a rational trier of fact to have found Sanchez guilty beyond a reasonable doubt of the trafficking offenses for which he was charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED MARCH 9, 2000.

*Jerry W. Moncus*, for appellant.

*Kermit N. McManus, District Attorney, Forest L. Miles, Assistant District Attorney*, for appellee.

---

[1] The validity of the search is not contested herein.