A00A1823. KIRKLAND v. THE STATE.
(543 SE2d 791)

ELLINGTON, Judge.

A Fulton County jury convicted James Donald Kirkland of three counts of burglary, OCGA § 16-7-1; three counts of armed robbery, OCGA § 16-8-41; one count of aggravated assault, OCGA § 16-5-21; two counts of kidnapping, OCGA § 16-5-40; and two counts of possession of a firearm during the commission of a crime, OCGA § 16-11-106. The charges were based on four incidents in Fulton County during June and September 1992: (1) nighttime entry into the Foxx Adult Entertainment Club and theft of a safe containing money; (2) nighttime entry into a Home Depot store and theft of tools; (3) nighttime entry into the same Home Depot, use of armed force to make the store manager open the safe, and theft of money; and (4) armed robbery of two bouncers in the parking lot of the Blue Flame Club. As to each count, Kirkland was indicted along with several others. Most of the other defendants were law enforcement officers, and the group was dubbed the "Bad Cop" crime ring.

Following the denial of his motion for new trial, Kirkland appeals, contending the prosecution was barred by double jeopardy or collateral estoppel, contending he received ineffective assistance from his trial counsel, and asserting numerous other errors in jury selection, jury instructions, and the admission of certain evidence. Finding no error, we affirm.

1. Kirkland contends the Fulton County prosecution was barred by double jeopardy or collateral estoppel by his earlier acquittal in a Coweta County prosecution, citing *Ashe v. Swenson,* 397 U. S. 436, 443 (90 SC 1189, 25 LE2d 469) (1970), and *Sanchez v. State,* 242 Ga. App. 686 (530 SE2d 775) (2000). In *Sanchez,* we noted

> [t]he doctrine of collateral estoppel, which is embraced within the constitutional guarantee against double jeopardy, means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. The record of the prior proceeding must affirmatively demonstrate that an issue involved in the second trial was definitely determined in the former trial. The possibility that an issue may have been determined in the former trial does not prevent the relitigation of that issue.

(Citations and punctuation omitted.) 242 Ga. App. at 688 (3).

In the Coweta County prosecution, Kirkland was charged, along with two law enforcement officers, with one count of attempted burglary of a Wal-Mart store. The State presented evidence linking the attempted Wal-Mart break-in in December 1992 to other crimes attributed to the so-called Bad Cop crime ring. Kirkland testified and presented an alibi defense supported by several other witnesses. All three men were acquitted.

Kirkland contends that his acquittal in the Coweta County attempted burglary determined an issue of ultimate fact — that is, that he was not a member of the multi-jurisdictional criminal conspiracy — and prevented relitigation of the issue. This argument has no merit. Because Kirkland was not charged with conspiracy, the Coweta County jury's general verdict of acquittal may or may not reflect a determination about whether Kirkland was a member of the Bad Cop conspiracy. Particularly in light of Kirkland's presentation of an alibi defense, the jury's verdict established only that the jury did not find beyond a reasonable doubt that Kirkland was involved in the Coweta County attempted burglary. The mere possibility that the Coweta County jury might have determined that Kirkland was not a member of the conspiracy did not prevent the relitigation of that issue in the later trial. *Sanchez*, 242 Ga. App. at 688 (3).

Furthermore, with regard to the Fulton County charges, whether Kirkland was a member of the Bad Cop conspiracy was not "an ultimate fact" because a finding of conspiracy was not necessary to support the charges of burglary, armed robbery, aggravated assault, and kidnapping. The State presented evidence that Kirkland personally and directly participated in the criminal acts charged. *Davis v. State*, 221 Ga. App. 168, 170 (2) (471 SE2d 14) (1996).

2. Kirkland challenges the decision to excuse a particular juror for cause on the basis of work responsibilities where other jurors were not excused for the same reason. During general questioning of the panel, many potential jurors responded that due to the length of the trial they might be distracted by other concerns. In particular, juror 13 indicated serving as a juror would impose a hardship because he had two projects due during the anticipated trial period and no one else could perform the work. Several of the veniremen who initially claimed work hardship stated on follow-up questioning that their work could be delayed or reassigned. The trial court excused juror 13, along with several other veniremen, on the basis of hardship but did not excuse some other jurors who initially responded that they had time concerns.

OCGA § 15-12-1 authorizes a trial court to exempt a person from jury duty if that person "shows that he or she will be engaged during his or her term of jury duty in work necessary to the public health, safety, or good order or who shows other good cause why he or she

should be exempt." From our review of the record, we conclude that the trial court properly considered each juror's individual circumstances in light of the trial's expected length and made a reasoned finding as to which veniremen would suffer an extraordinary hardship if required to serve. See *Holsey v. State*, 271 Ga. 856, 858 (2) (524 SE2d 473) (1999). The trial court did not abuse its discretion in excusing juror 13 while declining to excuse other prospective jurors with time concerns. *McClain v. State*, 267 Ga. 378, 382 (1) (477 SE2d 814) (1996).

3. (a) Kirkland contends that the trial court, by having an ex parte communication with a juror who asked to be excused, deprived him of his constitutional right to be present at all critical proceedings of the trial. On the morning of the fifth day of the trial, the trial court announced to counsel:

> Juror Number 10 . . . came in this morning and informed me that her father who has been living with her [and] has been seriously ill . . . passed away [during the night]. . . . She is in no mental condition to continue as a juror in this trial. Based on these circumstances, I have exercised my discretion and have excused her from the remainder of the trial.

A criminal defendant has a constitutionally protected "right to be present, and see and hear, all the proceedings which are had against him on the trial before the Court." (Citations, punctuation and emphasis omitted.) *Hanifa v. State*, 269 Ga. 797, 807 (6) (505 SE2d 731) (1998). "A critical stage in a criminal prosecution is one in which a defendant's rights may be lost, defenses waived, privileges claimed or waived, or one in which the outcome of the case is substantially affected in some other way." (Punctuation omitted.) *Fortson v. State*, 272 Ga. 457, 458 (1) (532 SE2d 102) (2000). The Supreme Court of Georgia has held that "where the accused is involuntarily absent from the proceedings, the trial judge should have no communications with a juror about the case, except as to matters relating to the comfort and convenience of the jury." *Pennie v. State*, 271 Ga. 419, 421 (2) (520 SE2d 448) (1999). OCGA § 15-12-172 authorizes the trial court, in exercising its discretion, to "replace a juror with an alternate whenever it is convinced that the removed juror's ability to perform his duties is impaired." (Citations and punctuation omitted.) *Cloud v. State*, 235 Ga. App. 721, 722 (1) (510 SE2d 370) (1998).

Where a trial court makes an independent determination under OCGA § 15-12-172 that a juror is in fact too ill to complete deliberations, a defendant's constitutional right to be present for all critical proceedings is not violated by the trial court's failure to hold a hear-

ing before excusing the juror. *Miller v. State*, 261 Ga. 679, 680 (6) (410 SE2d 101) (1991); *Scott v. State*, 219 Ga. App. 798, 799 (2) (466 SE2d 678) (1996); *Graham v. State*, 171 Ga. App. 242, 248-249 (5) (319 SE2d 484) (1984). Under the circumstances of this case, we find that the trial court independently determined that juror 10 was incapacitated and did not err in discharging her without conducting a hearing in Kirkland's presence.

Kirkland also contends his trial counsel was ineffective for failing to move for a mistrial on this basis. See Division 6 (a), infra.

(b) Kirkland contends the trial court deprived him of his right to be present for another critical stage of the trial, specifically a discussion between counsel and the judge about how the trial court intended to respond to a note from the jury. The record shows that after a brief discussion with counsel about the jury's question about certain definitions in the charge on the law, the trial court asked that Kirkland be brought into the courtroom before addressing its response to the jury.

The Supreme Court of Georgia has held that a defendant's right to be present for all critical stages of his trial does not require his presence at every communication involving only the trial court and counsel. *Ferrell v. State*, 261 Ga. 115, 122-123 (12) (401 SE2d 741) (1991) (pretrial conference, limited in scope to scheduling, is not a critical stage of the proceedings requiring defendant's presence). In this case, the trial court did not violate the proscription against communicating with the jury in Kirkland's absence. *Pennie*, 271 Ga. at 421 (2). Furthermore, we conclude Kirkland failed to show what rights he could have lost or how the outcome of the case was otherwise substantially affected by the proceedings that occurred before he returned to the courtroom. *Fortson*, 272 Ga. at 458 (1). Under the circumstances, we conclude the brief colloquy between counsel and the trial judge about how the court intended to respond to the jury's note was not a critical stage of the trial proceedings at which Kirkland had an absolute right to be present. *Smith v. State*, 209 Ga. App. 699-700 (1) (434 SE2d 528) (1993).

4. Kirkland contends that the trial court erred in admitting certain similar transactions evidence, specifically robbery of the Riverside Cinema in Riverdale and theft of a U-Haul truck, in that the State failed to prove that Kirkland committed those criminal acts. After a hearing, the trial court admitted six of the eleven extraneous acts the State proposed to introduce. After reviewing the entire record, we are satisfied that the trial court properly determined that Kirkland was a party to the robbery of the Riverdale theater and the theft of the U-Haul truck and that the crimes were admissible as similar transactions under the test set forth in *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991) and Uniform Superior

Court Rule 31.3. See, e.g., *Johnson v. State*, 236 Ga. App. 252, 254 (1) (a) (511 SE2d 603) (1999). Furthermore, in light of the overwhelming evidence supporting Kirkland's convictions, it is highly unlikely that the limited evidence of these two similar transactions contributed to the verdict, and any possible error in admitting them was harmless. *Harris v. State*, 222 Ga. App. 52, 53-54 (2) (473 SE2d 232) (1996).

5. (a) Kirkland claims the trial court erred in repeatedly failing to give a contemporaneous limiting instruction regarding the allowable uses of similar transactions evidence. The State contends that a contemporaneous instruction was given whenever requested. In *State v. Belt*, 269 Ga. 763, 764 (505 SE2d 1) (1998), the Supreme Court of Georgia reaffirmed the long-established rule that "[w]hen evidence is admitted for one purpose . . . , it is not error for the court to fail to instruct the jury to limit its consideration to the one purpose for which it is admissible, *in the absence of a request to so instruct the jury*." (Emphasis in original.) Id. Kirkland identifies a "myriad" of instances of evidence of the similar transactions. Kirkland, however, identified only one request for a limiting instruction, and the record shows that the trial court promptly instructed the jury regarding the limited use of similar transactions evidence. The trial court sua sponte or at the *State*'s suggestion gave contemporaneous limiting instructions at least three other times. Kirkland identified no instance in which he requested a limiting instruction and the trial court refused to give it. A defendant may not rely on a blanket request for "contemporaneous" instructions early in the trial: a request for a *contemporaneous* limiting instruction must itself be made *contemporaneously* with the admission of the evidence. *State v. Hinson*, 269 Ga. 862, 863 (506 SE2d 870) (1998).

(b) Kirkland also challenges the language of the similar transactions charge given during and at the end of the trial, relying on *Rivers v. State*, 236 Ga. App. 709 (513 SE2d 263) (1999) (conviction reversed where charge authorized jury to consider similar transactions as proof of the charged offenses). The record shows that in the first charge on similar transactions, the trial court limited the jury's consideration of the evidence to identity, state of mind, knowledge, or intent of the defendant in the crimes charged in the indictment. In the final charge, the trial court instructed the jury:

> The law allows a jury to consider evidence of other offenses of this defendant if the other offenses are similar in terms of common design, scheme, plan, course of conduct, motive and other factors connected with the offense for which the defendant is on trial. The evidence of prior offenses or transactions, if any, may be considered by you for the limited purpose of showing, if it does, bent of mind, course of conduct, or

modus operandi of the defendant who is charged in the case now on trial.

Both in the contemporaneous charge and in the final charge, the trial court emphasized that the similar transactions evidence could not be considered by the jury for any other purpose. The error that caused reversal in *Rivers* was not duplicated here. Read in context, the phrase "other factors connected with the offense" did not "substantially expand[ ] the limited purposes for which similar transaction evidence can be used." *Rivers*, 236 Ga. App. at 712 (1) (b). There was no error. *Griffin v. State*, 241 Ga. App. 783, 785 (4) (a) (527 SE2d 577) (1999). See *Dumas v. State*, 239 Ga. App. 210, 216-217 (4) (521 SE2d 108) (1999).

6. (a) Kirkland contends his trial counsel was ineffective for failing to move for a mistrial after the trial court, without conducting a hearing, excused the juror whose father had died. See Division 3 (a), supra.

> In order to establish ineffectiveness of trial counsel under *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984), [Kirkland] must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable.

(Citations and punctuation omitted.) *Stephens v. State*, 265 Ga. 120, 121 (2) (453 SE2d 443) (1995).

> Furthermore, there is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance and that any challenged action might be considered sound trial strategy. In the absence of testimony to the contrary, counsel's actions are presumed strategic. The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous.

(Citations and punctuation omitted.) *Clark v. State*, 239 Ga. App. 245, 248 (5) (520 SE2d 245) (1999). Because there was no evidence that a hearing would have shown that the juror could have continued serving, Kirkland has not shown how he was prejudiced by his counsel's failure to object to the replacement of the juror without a hearing.

(b) Kirkland contends his trial counsel was ineffective for failing to move to excuse for cause all jurors who owned stock in a victim, Home Depot. Assuming deficient performance, we find that Kirkland has not carried his burden of showing prejudice, that is, a reasonable probability that, but for counsel's errors, the results of the proceeding would have been different. *Tucker v. State*, 245 Ga. App. 551, 554 (3) (538 SE2d 458) (2000). Prejudice is presumed only in very rare circumstances, as when the assistance of counsel is denied altogether or when counsel actively represents conflicting interests. *Pullen v. State*, 208 Ga. App. 581, 585-586 (3) (431 SE2d 696) (1993). See *United States v. Cronic*, 466 U. S. 648, 658-659 (104 SC 2039, 80 LE2d 657) (1984). We conclude after reviewing the record that Kirkland failed to produce any evidence that his counsel's error in not moving to have Home Depot stockholders removed for cause contributed to the guilty verdicts. There was no evidence that Kirkland's trial counsel had to accept undesirable jurors because he used peremptory strikes on Home Depot stockholders. Furthermore, there was no evidence regarding the jury's deliberations. Therefore, the trial court did not err in denying his motion for new trial on this basis.

(c) Kirkland contends his trial counsel was ineffective for failing to object to testimony that a co-defendant attempted to suborn perjury. The statement would have been admissible over objection as an inculpatory statement of a co-conspirator made during the concealment phase of the conspiracy. *Dalton v. State*, 237 Ga. App. 217, 221 (1) (513 SE2d 745) (1999). See OCGA § 24-3-5.[1] Because the statement was admissible, Kirkland has not carried his burden of showing prejudice resulting from his counsel's failure to object. *Allen v. State*, 272 Ga. 513, 516 (6) (a) (530 SE2d 186) (2000).

(d) Kirkland claims his trial counsel was ineffective for failing to make a "continuing witness" objection to the jury having a police report and a letter with them during deliberations. Assuming deficient performance, we find that Kirkland has not carried his burden of showing prejudice. We conclude after reviewing the record that Kirkland failed to produce any evidence that his counsel's error in not objecting to the jury having the letter and police report contributed to the guilty verdicts. Specifically, neither the letter nor the police report directly inculpated Kirkland in any of the indicted offenses, and neither provided the only evidence as to any element of any charged crime. And, again, there was no evidence regarding the jury's deliberations.

---

[1] "After the fact of conspiracy is proved, the declarations by any one of the conspirators during the pendency of the criminal project shall be admissible against all."

(e) Kirkland claims his trial counsel was ineffective for failing to advance his sole defense. Certain witnesses testified for the State at the Fulton County trial who had earlier testified in the Coweta County trial in which Kirkland had been acquitted. See Division 1, supra. Kirkland contends his trial counsel should have objected to the State's motion to exclude any evidence of the Coweta County attempted burglary. Specifically Kirkland argues his trial counsel should have presented his alibi witnesses to the Coweta County attempted burglary to impeach certain of the State's witnesses in the Fulton County trial by proving

> that these Fulton County witnesses were not truthful about [Kirkland's] supposed involvement in criminal activity in Coweta County in order to show that therefore, these same witnesses were not being truthful about [Kirkland's] alleged criminal conduct in Fulton County.

We conclude after reviewing the record that Kirkland failed to produce any evidence that his counsel's failure to object to the exclusion of evidence of the Coweta County attempted burglary contributed to the guilty verdicts.

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED DECEMBER 21, 2000 —
RECONSIDERATION DENIED JANUARY 11, 2001 — 

*Brian Steel*, for appellant.
*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Assistant District Attorney,* for appellee.