## S01G0700. KIRKLAND v. THE STATE.
(560 SE2d 6)

THOMPSON, Justice.

James Kirkland was charged in a multi-count indictment and convicted by a jury of various crimes committed at several locations throughout metro Atlanta, including burglaries at Home Depot stores, and armed robbery of a Home Depot store manager. Home Depot, Inc. was a named victim in the indictment.

During jury selection, the court asked the venire members general qualifying questions, including whether "any of you now or have ever been officers, directors, shareholders, or employees of Home Depot." Eight members of the panel responded affirmatively to that question. Instead of seeking to strike those eight venire persons for cause, Kirkland's counsel used peremptory strikes to remove five of them. One Home Depot shareholder actually served on the jury because counsel had exhausted his allotment of peremptory strikes.

On appeal to the Court of Appeals, Kirkland asserted that his trial counsel was ineffective in failing to attempt to remove the unqualified jurors for cause. *Kirkland v. State*, 247 Ga. App. 526 (6) (b) (543 SE2d 791) (2000). The Court of Appeals assumed deficient performance under the first prong of *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), but declined to find that Kirkland had carried his burden of establishing prejudice. *Kirkland*,

supra. We granted certiorari to decide an issue of first impression: Did trial counsel render ineffective assistance of counsel when he failed to have removed from the venire owners of stock in the corporation which owns the premises allegedly burglarized by the defendant? We answer in the affirmative.

1. Where a corporation is the person injured, it occupies the position of a party at interest, and its stockholders are not competent to serve as jurors in a trial against the alleged wrongdoer. *McElhannon v. State*, 99 Ga. 672 (1) (26 SE 501) (1896). "The ground of disqualification as to the jurors in question arises upon the fact of their relationship to persons having an interest in the case." Id. at 681. See also *Georgia R. v. Cole*, 73 Ga. 713 (1884) (a jury which is composed of persons whose relationship to shareholders of a party corporation renders them incompetent cannot return a lawful verdict); *Lowman v. State*, 197 Ga. App. 556 (2) (398 SE2d 832) (1990) (members of electric membership corporations are disqualified from serving as jurors in criminal trials in which the corporation is the victim of the crime charged). See also *Gossett v. State*, 201 Ga. 809 (41 SE2d 308) (1947) (where the accused is the beneficiary of a life insurance policy which insures the victim, jurors who are policyholders in insurer's corporation are disqualified to serve). As applied to Kirkland's case, members of the venire who responded affirmatively to the court's inquiry concerning a business relationship to the Home Depot corporation were disqualified to serve as a matter of law and were subject to challenge for cause.

At a hearing on the motion for new trial, Kirkland's trial counsel testified that he was unaware that the Home Depot stockholders were disqualified, and he acknowledged that had he known, he "would have and should have" asked the trial court to excuse them for cause. In failing to recognize that all prospective jurors who held stock in Home Depot were disqualified as a matter of law, and in failing to seek the removal of those jurors for cause, the performance of Kirkland's counsel fell below an objective standard of reasonableness under the first prong of *Strickland*.[1]

2. We next look to the prejudice prong. "[I]t is well established in Georgia that peremptory strikes are invaluable. When a defendant in a felony trial has to exhaust his peremptory strikes to excuse a juror who should have been excused for cause the error is harmful." *Bradham v. State*, 243 Ga. 638, 639 (3) (256 SE2d 331) (1979). That is because "[a]n accused is entitled to a full panel of *qualified* jurors (that is, jurors not subject to being excused for cause) to which to

---

[1] Under the circumstances, we do not deem credible the State's suggestion that counsel's failure to remove the jurors for cause was a reasonable tactical decision.

direct his peremptory strikes." *Cannon v. State*, 250 Ga. App. 777, 781 (1) (552 SE2d 922) (2001). See also OCGA § 15-12-160; *Harris v. State*, 255 Ga. 464 (2) (339 SE2d 712) (1986) (failure to exhaust peremptory strikes before the final juror was impaneled does not render harmless the trial court's refusal to strike an unqualified juror). But for the deficient performance of his trial counsel, Kirkland could have used his peremptory strikes to eliminate other unwanted jurors.

It is axiomatic that a verdict rendered by an illegally constituted jury must be set aside. See generally *Tatum v. State*, 206 Ga. 171 (2) (56 SE2d 518) (1949); *McElhannon v. State*, supra; *Georgia R. v. Cole*, supra. Nonetheless, the State urges that Kirkland's ineffective claim fails because he did not demonstrate actual prejudice. We decline to accept that argument. "[I]n the absence of a strategic motive, a defendant whose attorney fails to attempt to remove biased persons from a jury panel is prejudiced. Moreover, even without a showing of actual bias, prejudice may be implied in certain egregious situations." *Johnson v. Armontrout*, 961 F2d 748, 755-756 (8th Cir. 1992). Bias is conclusively presumed or inferred as a matter of law regardless of actual partiality, where a juror is related to a party. *United States v. Torres*, 128 F3d 38 (2d Cir. 1997). In that circumstance, "disqualification on the basis of implied bias is mandatory." Id. at 45.

As a result of counsel's deficient performance in this case, Kirkland was tried before a biased jury. The result was a clear deprivation of his rights under the Sixth and Fourteenth Amendments to be tried by an impartial jury. Counsel's failure to prevent the seating of disqualified jurors deprived Kirkland of representation by effective counsel. Under these extreme circumstances, prejudice is implied and counsel's error is harmful per se under the second prong of *Strickland*.[2] It follows that Kirkland is entitled to a new trial before a fully qualified panel of jurors.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 11, 2002.

*Brian Steel*, for appellant.

---

[2] Of course, the disqualification of a juror may be expressly or impliedly waived by a party. See *Miller v. State*, 233 Ga. App. 814 (1) (506 SE2d 136) (1998); *Reid v. State*, 204 Ga. App. 358 (2) (419 SE2d 321) (1992). However, a waiver involves "an intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst*, 304 U. S. 458, 464 (58 SC 1019, 82 LE 1461) (1938). Since Kirkland's counsel admittedly was uninformed on the law pertaining to the disqualification of shareholders, his failure to move to strike those jurors for cause cannot constitute a waiver.

*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Assistant District Attorney*, for appellee.