## A05A0657. SYAS v. THE STATE.
### (614 SE2d 803)

JOHNSON, Presiding Judge.

The Cobb County grand jury returned two separate three-count indictments against Jamal Syas and James Kimbro. One of the indictments arose out of an alleged car hijacking, while the other indictment arose out of the armed robbery of a McDonald's restaurant that took place three days after the alleged car hijacking. The car hijacking indictment charged that on December 14, 1998, Syas and Kimbro committed the offenses of hijacking a motor vehicle, aggravated assault and possession of a firearm during the commission of a crime. The McDonald's armed robbery indictment charged that on December 17, 1998, Syas and Kimbro committed two armed robberies — stealing the restaurant's money in one and stealing a restaurant employee's ring in the other — and the offense of possession of a firearm during the commission of a crime.

Beginning on November 27, 2000, Syas was tried before a jury for the charges based on the December 17, 1998 McDonald's incident. He was found guilty of the armed robbery of the McDonald's restaurant, but not guilty of the other armed robbery charge or the firearm charge. At that trial, the state sought to introduce evidence of the alleged December 14, 1998 car hijacking incident as a similar transaction. The trial court, however, ruled that evidence of that incident was not admissible as a similar transaction.

After his McDonald's armed robbery conviction, but before his trial on the charges alleged in the car hijacking indictment, Syas filed a plea of former jeopardy and collateral estoppel, arguing that the state should be prohibited from prosecuting him for the offenses alleged in the car hijacking indictment because the court did not allow the state to use those offenses as similar transaction evidence at the armed robbery trial. The trial court denied the plea. Syas appeals from that denial.

1. Syas argues that the doctrine of collateral estoppel, as embodied in both the federal and state constitutional double jeopardy guarantees, bars the state from prosecuting him for the car hijacking offenses because the trial court, in refusing to allow evidence of the

car hijacking incident as a similar transaction at the armed robbery trial, has already determined that he did not commit those offenses. The argument is without merit because the state's attempt to introduce similar transaction evidence was not a prosecution where the issue of Syas' guilt or innocence could be determined.

> The double jeopardy clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." The Georgia Constitution also contains a double jeopardy clause which provides that "no person shall be put in jeopardy of life or liberty more than once for the same offense."[1]

The doctrine of collateral estoppel is embodied in the federal constitutional guarantee against double jeopardy, and it means that when an issue of ultimate fact has once been determined by a valid and final judgment, it cannot be litigated again between the same parties in a future lawsuit.[2] Syas contends that no Georgia appellate court has expressly held that the state constitutional double jeopardy clause also embodies the collateral estoppel doctrine, and he urges us to do so in this case. We decline Syas' request that we make such an express determination, because even if we assume for the sake of argument that the doctrine is embodied in our state constitution, the prosecution in this case is not barred by collateral estoppel.

> The doctrine of collateral estoppel does not bar a prosecution unless the issues of fact central to that prosecution were *necessarily* determined in the former trial. Unless the record of the prior proceeding affirmatively demonstrates that an issue involved in the second trial was definitely determined in the former trial, the possibility that it may have been does not prevent the relitigation of that issue.[3]

Contrary to Syas' claim, the trial court's prior similar transaction ruling, prohibiting evidence of the car hijacking incident at the armed robbery trial, was not necessarily a determination that Syas had not committed the car hijacking. At the similar transaction hearing, the only issues to be determined by the trial court were whether the state could show by a preponderance of the evidence that Syas committed

---

[1] (Citation omitted.) *Nolen v. State*, 218 Ga. App. 819, 820 (463 SE2d 504) (1995).

[2] *Dorsey v. State*, 251 Ga. App. 640, 641 (1) (a) (554 SE2d 278) (2001).

[3] (Citations and punctuation omitted; emphasis in original.) *Phillips v. State*, 272 Ga. 840, 842 (537 SE2d 63) (2000).

the car hijacking, that the car hijacking incident was sufficiently similar to the armed robbery incident for which Syas was on trial, and that the similar transaction was to be introduced for a proper purpose.[4]

It is apparent from the transcript of the similar transaction hearing that the trial court never expressly found that Syas had not committed the car hijacking; or more specifically, the trial court did not expressly find that the state had failed to show by a preponderance of the evidence that Syas had committed the car hijacking. Instead, the trial court's focus during the hearing was plainly on the question of the similarity between the car hijacking and armed robbery of the McDonald's restaurant three days later.

At the outset of the hearing, the court told the prosecutor to state in his place what the offenses were "so we will know whether or not they are sufficiently connected to be authorized to be submitted to the jury." After the prosecutor's statement, the judge said, "I just don't see a similar transaction is a carjacking. . . . Same thing as an armed robbery as a McDonald's store." The court ultimately concluded, without explanation, that "it's not a similar transaction and can't be introduced for that purpose."

Based on the trial court's comments at the hearing, it is clear that the basis for the court's refusal to admit the similar transaction evidence was the lack of similarity between the car hijacking and armed robbery incidents, not the lack of evidence of Syas' culpability for the car hijacking. Nevertheless, even if there were some possibility that the court also based its similar transaction ruling on a finding that the state did not show by a preponderance of the evidence that Syas committed the car hijacking, the mere possibility of such a finding would not prevent the relitigation of that issue in a later trial.[5]

Furthermore, the ultimate issue central to the instant prosecution — whether Syas is guilty beyond a reasonable doubt of the crimes charged in the car hijacking indictment — was not even an issue, and of course was not determined, at the similar transaction hearing. Because the record of the similar transaction hearing does not affirmatively demonstrate that an issue involved in the instant case was definitively determined in the prior armed robbery trial, the trial court's similar transaction ruling does not prevent the current pros-

---

[4] See *Carter v. State*, 269 Ga. App. 363, 364-365 (604 SE2d 210) (2004).

[5] See *Kirkland v. State*, 247 Ga. App. 526, 527 (1) (543 SE2d 791) (2000), rev'd in part on other grounds, 274 Ga. 778 (560 SE2d 6) (2002).

ecution of Syas for the offenses alleged in the car hijacking indictment.[6]

2. Syas contends that OCGA § 16-1-7 (b), which prohibits multiple prosecutions for the same conduct, bars the state from prosecuting him for the car hijacking offenses because they were part of the same conduct that led to the McDonald's armed robbery indictment, for which he has already been prosecuted. "OCGA § 16-1-7 (b) provides: if the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution."[7] In this case, the car hijacking incident and the McDonald's armed robbery incident occurred three days apart, took place at different locations and involved different victims. Under these circumstances, the crimes do not arise from the same conduct, and therefore OCGA § 16-1-7 (b) does not bar the state from prosecuting Syas for the offenses arising from the alleged car hijacking incident.[8]

3. Syas claims that the current prosecution is also barred by OCGA § 16-1-8 (b) (1), which provides, in pertinent part, that a prosecution is barred if the accused was formerly prosecuted for a different crime if the former prosecution resulted in either a conviction or acquittal and the subsequent prosecution is for a crime which involves the same conduct. In support of the claim, Syas makes no new argument, but simply reiterates the argument discussed above in Division 2 that the offenses in this case arose from the same conduct as the offenses for which Syas has already been prosecuted. As explained in Division 2, the offenses in question did not arise from the same conduct, and therefore the prosecution is not barred by OCGA § 16-1-8 (b) (1).

*Judgment affirmed. Ruffin, C. J., and Barnes, J., concur.*

DECIDED MAY 4, 2005.

*Shandor S. Badaruddin*, for appellant.
*Patrick H. Head, District Attorney, Dana J. Norman, Timothy B. Lumpkin, Assistant District Attorneys*, for appellee.

---

[6] See *Sanchez v. State*, 242 Ga. App. 686, 688 (3) (530 SE2d 775) (2000).

[7] (Punctuation omitted.) *Wilson v. State*, 229 Ga. App. 455, 455-456 (494 SE2d 267) (1997).

[8] See *Harrell v. State*, 196 Ga. App. 101, 103 (2) (395 SE2d 598) (1990).